G. M. PERKINS V. THE STATE.

No. 18455.   Delivered June 10, 1936.
Rehearing Granted November 12, 1936.

The opinion states the case.

*J. S. Bracewell* and *Grady Fuller,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State

LATTIMORE, JUDGE.—Conviction for establishing a lottery by exhibiting a slot machine; punishment, a fine of $100.00.

We find in the record no statement of facts or bills of exception. All matters of procedure appearing regular, the judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—On June 10, 1936, the judgment was affirmed, there being no statement of facts on file with the record. The brief of appellant shows that the sole point relied upon for reversal was the claimed insufficiency of the testimony. Appellant has filed a motion for rehearing in which the following facts are made to appear. He was not aware that no statement of facts was on file until after affirmance of the judgment. The court reporter of the County Court at Law took stenographic notes of the testimony upon the trial. A few days after the trial flood waters in Buffalo Bayou destroyed the notes taken by said court reporter and appellant was unable to get a stenographic transcript of the testimony. Immediately upon learning this he undertook to agree to a statement of facts with the Assistant District Attorney who represented the State, but they were unable to reach an agreement. Appellant's attorney then prepared and delivered to the County Judge a statement of facts prepared as required by Article 2240, R. C. S. (1925). The Assistant District Attorney also furnished the County Judge with a statement of facts prepared by him. The judge did not agree with the statement of facts prepared by appellant's attorney, but thought the one prepared by the Assistant District Attorney would be correct, with certain interlineations, which he suggested to appellant's attorney. Instead of making the interlineations and then adopting the statement of facts as prepared by the Assistant District Attorney as his own and approving and filing the same the County Judge certifies that his recollection of the matter is that he returned the statement of facts as interlined to the Assistant District Attorney for his signature and approval. The certificate of the Assistant District Attorney corresponds in all respects with that of the County Judge except that he says he never again, so far as he remembers, saw the statement of facts after the

interlineations were placed in it by the County Judge, and has no knowledge of how it became lost. There is attached to the motion for rehearing both the statement of facts prepared by appellant's attorney and the one prepared by the Assistant District Attorney; neither of them bears the approval of the County Judge. Even now we do not have before us a statement of facts which can be considered by this court. It does appear, however, that neither appellant nor his attorney is responsible for that condition, and that without fault on his part appellant has been deprived of a statement of facts. See Sec. 312, page 450, Vol. 4, Tex. Jur., and cases there cited.

Under such circumstances this court has no option but to grant the motion for rehearing, set aside the judgment of affirmance, and now order that the case be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*